# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBEN PRADA MARTINEZ, | ) | 1:07-cv-01137-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| v. | ) | DISMISS PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS |
| | ) | |
| CHARLES DEROSA., | ) | (Doc. 1) |
| | ) | |
| Respondent. | ) | |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner filed the instant federal petition on August 6, 2007. (Doc. 1). The petition and indicates that on September 21, 2001, Petitioner was convicted and sentenced to a term of 168 months and five years of supervised release. (Doc. 1, p. 1). Petitioner does not indicate which federal court was the sentencing court nor does he indicate the nature of the crime for which he was convicted. Petitioner now brings this habeas petition, contending that he was entitled to a downward departure under the Federal Sentencing Guidelines because, in entering his plea of guilty, he agreed to be removed from the country after serving his sentence without challenging his removal in an Immigration Court. (Doc. 1, p. 2). As a remedy, Petitioner seeks a four-point downward departure in his sentence and immediate removal from the United States. (Id. at p. 3).

    Because the Court has determined that Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed.

1

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-479 (3d Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Here, Petitioner challenges the original sentence, arguing that his "Assistance" to the judicial system in agreeing, during his plea bargain, to forego challenging his removal from this country, justified a downward departure under the Federal Sentencing Guidelines.  (Doc. 1, p. 2). Thus, it is clear that Petitioner is challenging his sentence itself, not the manner in which it is being executed.  Accordingly, the proper vehicle for challenging a sentence is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not in a habeas corpus petition.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention."  Hernandez v. Campbell, 204 F.3d 861, 864-865 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057

(9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-1163 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner readily admits that he has never filed an appeal from his sentence or conviction, and that he has never filed a motion pursuant to § 2255. (Doc. 1, p. 1). Thus, Petitioner has provided no basis upon which this Court could conclude that § 2255 is either inadequate and ineffective. Hence, should Petitioner wish to pursue this claim in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner has not identified the federal court in which he was convicted and sentenced. Nevertheless, that court would be the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

3

1  Recommendations." Replies to the Objections shall be served and filed within ten (10) <u>court</u>
2  days (plus three days if served by mail) after service of the Objections. The District Judge will
3  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are
4  advised that failure to file Objections within the specified time may waive the right to appeal the
5  Order of the District Judge. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.

8  Dated:   **December 3, 2007**                       **/s/ Theresa A. Goldner**
9                                                      UNITED STATES MAGISTRATE JUDGE